KATE McMASTER

*v.*

ILLINOIS CENTRAL RAILROAD COMPANY.

1. RAILROAD COMPANY. *Fellow-Servants. Employees of different trains of same company. Case in judgment.*

   The brakeman of a freight train and the conductor and other employees of a passenger train of the same railroad company are fellow servants, and an action for damages for the death of such brakeman, caused by the negligence of such conductor and other employees is not maintainable against the railroad company.

2. SAME. *Fellow-servants. Cause of action arising in Louisiana. Law of that state considered. Principles applicable to case in judgment.*

   M. brought an action against the I. C. Railroad Company to recover damages for the death of her son, a brakeman on one of the defendant's freight trains, caused by the negligence of the conductor and other employees of a passenger train of such company. The accident and death occurred in Louisiana. The Supreme Court of Louisiana has held that a brakeman and the conductor of the same train are not fellow-servants. *Held,* that this action is governed by the laws of Louisiana, whose Supreme Court

has decided that the conductor of a railway train is not the fellow-servant of the other employees of that train; but such decision is not inconsistent with the doctrine of this court, that the conductor of one train is the fellow-servant of the employees of another train of the same company, and thus viewing the principles applicable to the case stated, the action is not maintainable.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

This is an action for damages against the Illinois Central Railroad Company, brought by Mrs. Kate McMaster for the killing of her son, Stephen J. Redding.

The declaration sets out that Redding was, on November 18, 1886, employed as a brake-man on one of defendants' freight trains; that this train on that day was going northward; that Redding was on the train when it left Manchac; that when the train reached the next station, Ponchatoula, both stations being in the State of Louisiana, it was discovered by the conductor and other employees of the train that Redding was missing. They supposing that he had fallen or been thrown from the train, and had probably fallen on the track, so informed the conductor and other employees of the south-bound passenger train, then at Ponchatoula, and cautioned the conductor and crew of the passenger train to run slowly and cautiously, and to keep a look out for Redding. The declaration further alleges that the conductor and other employees of the passenger train wholly failed to regard such warnings; but recklessly and wilfully proceeded at the usual rate of speed of said train, to wit, about thirty miles per hour, and that this train ran over and killed Redding, who was lying on the track in an unconscious condition and unable to move.

The defendant demurred to the declaration on the ground that it showed that Redding came to his death by the carelessness and negligence of fellow servants. The court sustained the demurrer. The plaintiff appealed.

*L. B. Harris*, for the appellant.

The decisions are not harmonious as to the liability of the company for the negligence of conductors and engineers whereby servants of the company are injured.

The books undertake to fix the relation as to who are and who are not fellow-servants, much of it arbitrary and conflicting and without simplicity—this last, a thing much needed for the sake of both public and private interests. Later decisions are tending to some plain rule, and to this end and notably is the case of *Railway* v. *Ross*, 112 U. S. S. C. Rep., p. 377, and, although by a divided court decided, holding the negligence of a conductor the negligence of the company, saying : " If the conductor does not represent the company, then the train is operated without any representative of the owner."

In the above case the company was held liable for the negligence of a conductor, whereby the engine-driver was injured. As bearing on this point, the court may examine *Bass* v. *Railway Co.*, 36 Wis., 450; *Railway Co.* v. *Miller*, 19 Mich., 305; *Ranch* v. *Lloyd*, 31 Pa. St., 358; *Railway* v. *Powell*, 40 Ind., 37; *Railway* v. *McMurray*, 98 Ind., 358, and 1 Wood Railway Law, 449 and cases cited.

*W. P. & J. B. Harris*, for the appellee.

This Court has put the conductor on the footing of the engineer and others, not only of other trains, but of his own train.

He is put in by designation.

" Who are ' fellow servants ' within the rules ? Those who " are co-workers in the same common enterprise under the same " master and compensated by him. The conductor, engineer, " brakemen and firemen are fellow servants."

*N. O., J. & G. N. R. R. Co.* v. *Hughes*, 49 Miss., 283, 284, 285; *R. R. Co.* v. *Doyle*, 60 Miss., 977.

The *exception* made to the rule of this Court and those following the cases of *Murray* v. *S. C. Ry. Co.*, 1 McMullan, 385, *Farwell* v. *Ry. Co.*, 4th Met., Mass., 49, *Priestly* v. *Fowler*, 3 Mees & W., p. 1, is limited as we see to the special case of the crew of the train under the immediate control of the conductor of that train. When we go outside of that train to servants of the same master not there placed, he stands under the rule as we have held it to be, for the Louisiana Court has not in any case gone beyond the case thus stated.

Beach has taken this view of *Ry. Co.* v. *Ross*. Beach Cont. Neg., p. 337.

It will be apparent, that to hold that a representative of a single function of the master ceases to be a fellow servant, universally, the whole rule goes overboard.

If, therefore, we should feel that we are required to adopt the Louisiana *view* of the rule as to fellow servants, and make the same company, for the same people, and the same road, and the same journey change characters or relations, two or three times on a trip from Chicago to New Orleans, the case is not here presented, because the servant injured was not under the authority of the conductor of the passenger train, and yet a fellow servant under a common master, according to the principal rule.

It is to be remembered that it is not a statute or any positive law of Louisiana that is under consideration as regards this point, but the opinion of the Supreme Court of that State as to the law governing a conductor and his 'crew' on his train and while running the same.

Where states live under identically the same law as to relations of master and servant, the state of the former ought to interpret that law.

It is not to be assumed as the possible tendency of the Louisiana Courts, that the conductors are not in the category of fellow servants to *any employees*, and that he is universally *vice-principal*. He is *vice-principal* only as to his own 'crew,' and except as to the special function on the train and train hands, a fellow-servant of all others. Other result or consequence, we in Mississippi, under a different interpretation of the common law, are not bound in amity to give to the doctrine.

ARNOLD, J., delivered the opinion of the Court.

If a brakeman on one train of a railroad company is the fellow servant of the employees in charge of, or operating another train of the same company, on the same road, the declaration was demurrable.

There is some diversity of authority as to who are fellow servants, within the meaning of the rule which exempts the master or employer from liability to those engaged in his employment, for injuries suffered by them, as the result of the negli-

gence or misconduct of other servants employed by him and engaged in the same common business; but subjection to control and direction by the same common master, in the same common pursuit, furnishes the true test of co-service. When servants are employed and paid by the same master, and their duties are such as to bring them into such a relation that the negligence of the one in doing his work may injure the other in the performance of his, then they are engaged in the same common business, and being subject to the control of the same master, they are fellow servants, within the generally accepted meaning of the rule, no matter how different the grades of service or compensation may be, or how diverse or distinct their duties may be. 3 Wood's Railway Law, 1494, *et seq.*

And when the relation of fellow servants is established there can be no recovery from the common master or employer by one of them for an injury occasioned to him through the negligence or misconduct of his co-employee. In order to render the master liable in such case it would be necessary to show that the negligent servant was incompetent, and that he was selected without reasonable care and prudence, or that he was continued in the employment after notice to the master of his unfitness, or that the master had failed to furnish adequate means and materials for the work. Such is the law of this State, and such is the law as it has generally prevailed in America and England for many years. *N. O. etc. R. R. Co.* v. *Hughes*, 49 Miss., 258; *Chicago etc. R. R. Co.* v. *Doyle*, 60 Il., 977; *L. N. O. & T. R. R. Co.* v. *Conroy*, 63 Id., 562; *Randall* v. *Baltimore & O. R. R. Co.*, 109 U. S., 478; *Murray* v. *S. C. R. R. Co.*, 36 Am. Dec., 268, and note; 3 Wood's Railway Law, 1494, *et seq.*

For the purposes of this case it is not necessary to collect more of the numerous decisions, English and American, on the subject; that is well done in the three authorities last above cited.

The doctrine in question was first asserted by the Supreme Court of South Carolina in 1841, in *Murray* v. *S. C. R. R. Co.*, 1 McMullans' Law Reports, 385. It may well be termed the South Carolina doctrine. *Chicago, etc. R. R. Co.* v. *Ross*, 112

U. S., 377; *Murray* v. *S. C. R. R. Co.*, 36 Am. Dec., 268, and note.

The reason upon which it is based cannot be better stated than by quoting from the opinion of the Supreme Court of Massachusetts in *Farwell* v. *Boston & Worcester R. R. Co.*, 4 Met., 49, which has long been considered a leading case both in this country and England. Chief Justice Shaw, in delivering the judgment of the court, said: " The general rule resulting from considerations, as well of justice as of policy, is that he who engages in the employment of another for the performance of specified duties and services, for compensation, takes upon himself the natural and ordinary risks and perils incident to the performance of such services, and in legal presumption the compensation is adjusted accordingly. And we are not aware of any principle which should except the perils arising from the carelessness and negligence of those who are in the same employment. These are perils which the servant is as likely to know, and against which he can as effectually guard, as the master. They are perils incident to the service, and which can be as distinctly foreseen and provided for in the rate of compensation as any other. To say that the master shall be responsible because the damage is caused by his agents, is assuming the very point which remains to be proved. They are his agents to some extent and for some purposes, but whether he is responsible in a particular case for their negligence is not decided by the single fact that they are, for some purposes, his agents. In considering the rights and obligations arising out of particular relations, it is competent for courts of justice to regard considerations of policy and general convenience, and to draw from them such rules as will, in their practical application, best promote the safety and security of all parties concerned. We are of opinion that there are such considerations which apply strongly to the case under discussion. When several persons are employed in the conduct of a common enterprise or undertaking, and the safety of each depends to a great extent on the care and skill with which each other shall perform his appropriate duty, each is an observer of the conduct of the others, can give notice of any misconduct, incapacity or neglect of

duty, and leave the service, if the common employer will not take such precautions and employ such agents as the safety of the whole party may require. By these means the safety of each will be much more effectually secured than could be done by a resort to the common employer for indemnity in case of loss by the negligence of each other. Regarding it in this light, it is the ordinary case of one sustaining an injury in the course of his employment, in which he must bear the loss himself, or seek his remedy, if he has any, against the actual wrongdoer.

It was strongly pressed in the argument that although this might be so when two or more servants are employed in the same department of duty, when each can exert some influence on the conduct of the other, and thus to some extent provide for his security; yet that it could not apply when two or more are employed in different departments of duty, at a distance from each other, and when one can in no degree control or influence the conduct of the other. But we think this is founded upon a supposed distinction on which it would be extremely difficult to establish a practical rule. When the object to be accomplished is one and the same, when the employers are the same, and the several persons employed derive their authority and their compensation from the same source, it would be ex- tremely difficult to distinguish what constitutes one department and-what a distinct department of duty. It would vary with the circumstances of every case. If it were made to depend on the nearness or distance of the persons from each other, the question would immediately arise how near or how distant must they be to be the same or different departments?

Besides, it appears to us that the argument rests upon an assumed principle of responsibility which does not exist. The master in the case supposed is not exempt from liability because the servant has other means of providing for his safety, when he is employed in immediate connection with those from whose negligence he might suffer; but because the *implied contract* of the master does not extend to indemnify the servant against the negligence of any one but himself; and he is not liable in tort, as for the negligence of his servant, because the person suffering does not stand towards him in the relation of a stranger, but is

one whose rights are regulated by contract, express or implied. The exemption of the master, therefore, from liability for the negligence of a fellow servant, does not depend exclusively upon the consideration that the servant has better means to provide for his own safety, but upon other grounds. Hence, the separation of the employment into different departments cannot create that liability when it does not arise from express or implied contract, or from a responsibility created by law to third persons and strangers for the negligence of a servant."

But the injury complained of in this case, having occurred in Louisiana, the rights and liabilities of the parties in relation to it are governed by the laws of that State. *Chicago, etc., R. R. Co.* v. *Doyle*, 60 Miss., 977. We find that the law of Louisiana on the subject is different from that of Mississippi and most of the other States of our Union. In *Towns* v. *Vicksburg, etc., R. R. Co.*, 37 La. An., 630, and in *Van Amburg* v. *Vicksburg, etc., R. R. Co.*, Id., 650, the Supreme Court of that State approves and adopts the doctrine announced by the Supreme Court of the United States, in *Chicago, etc., R. R. Co.* v. *Ross*, 112 U. S., 377. But this does not change the legal aspects of the case at bar. Four of the judges of the Supreme Court of the United States dissented, in the case referred to, and the decision of the majority is contrary to the general course of judicial opinion in this country and in England, and it does not go further than to hold, that the conductor of a railway train who commands its movements, and controls the employees upon it, is not the fellow servant of the other employees on that train; but is the vice principal representing the company, and that the company would be liable for a negligent act of his which resulted in injury to another employee on the train. On the authority of that case, the conductor, while not the fellow servant of other employees on the train subject to his direction and authority, might well be, and under the law as it is generally understood and interpreted would be the fellow servant of other employees of the company in the same common business, over whom he had no supervision or control.

It follows from what has been said, that the brakeman on the freight train, and the employees in charge of the passenger train,

were fellow servants, and that the action of the court below in sustaining the demurrer to the declaration was free from error.

*Affirmed.*