| 95 | 337 |
| 97 | 131 |
| 95 | 337 |
| 113 | 404 |

# Kahl *v.* Memphis & Charleston Railroad Co.

*Action for Damages against Railroad Company, by Administrator of Deceased Employe.*

1. *Railroad corporation under charter granted by two or more States.* The Memphis & Charleston Railroad Company, incorporated by legislative acts in Alabama, Tennessee and Mississippi, though under the same name, owned by the same stockholders, invested with like franchises, and operated under the same management, is composed of three separate legal entities; and the averment that it "is a unit as a corporation" is the mere statement of a legal conclusion, unsupported by the facts.

2. *Action against corporation in Alabama, for tort committed in Mississippi.*—An action can not be maintained against a railroad corporation in Alabama, for a tort committed in Mississippi, unless the tort was actionable at common law, or is shown to be actionable by statute in Mississippi.

3. *Common law; presumption as to; liability of employer for injuries to employe.*—The common law, which is presumed to exist in a sister State in the absence of evidence to the contrary, did not give an action for damages against the employer, where death resulted to an employe from the culpable negligence of a co-employe.

4. *Mississippi statutes giving action to personal representative of decedent.*—The statutes of Mississippi which authorize an executor or administrator to prosecute any personal action which his testator or

22

[Kahl v. Memphis & Charleston Railroad Co.]

intestate might have prosecuted, and to maintain an action for any trespass to the person or property of the decedent (Rev. Code of Miss., §§ 2078-9), are not substantially similar to the Alabama statute (Code, §§ 2590-92) known as the "Employer's Act."

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by John Kahl, as administrator of the estate of John P. Kahl, deceased, who was killed on the 1st April, 1887, near Corinth, Mississippi, while in the discharge of his duties as engineer on one of the defendant's trains, by a collision with another train, alleged to have been caused by the negligence of the conductor, to whose orders he was subject; and was commenced on the 28th March, 1888. Each count of the complaint was framed under the statute (Code, §§ 2590-91), and each alleged that the defendant was, at the time the injury was inflicted, a domestic corporation under the laws of Alabama, owning and operating a line of railroad between Stevenson, in Jackson county, Alabama, and Memphis, Tennessee. An amendment was afterwards added to each count, as follows:

"Defendant is a railroad corporation, chartered by the laws of Alabama, Mississippi and Tennessee, and its line of railroad extends from the city of Memphis, in Tennessee, to the town of Stevenson in Alabama; it is a continuous line of railroad from and to each of said places, through the States of Alabama, Mississippi and Tennessee, and was, at the time plaintiff's intestate was killed, operated under charters procured from each of said States identical in the powers and privileges conferred on it, and was a unit as a corporation, and had a legal residence in each of said States by which it was chartered, and through which its road runs. Plaintiff avers that his intestate, at the time he was killed, was a citizen of Alabama, and was in the defendant's employment under a contract which was made in Alabama; that he was an engineer on one of defendant's locomotives, and the contract of his employment made it his duty to serve the defendant as engineer in running a locomotive from Tuscumbia, Alabama, through the State of Mississippi, to the city of Memphis, and return. He avers, also, that the statutes of Alabama and Mississippi, at the time said intestate was killed, giving him a right of action by reason of the death of his intestate and under the circumstances above stated in each count of this complaint, were precisely the same and alike, and in each of said States a right of action is given to plaintiff, and was given at the time of his intestate's death, for the injury which caused it, the statutes

on said subject being exactly alike." [Here followed averments that the intestate was killed while in the discharge of his duties as engineer, acting under the orders of the conductor, whose orders he was bound to obey ; and that the collision was caused by the negligence of the conductor.] "For the injuries so inflicted the laws of Alabama and Mississippi each give plaintiff a right to bring this suit as administrator, and recover damages commensurate with said injury. He avers that the statutes of Mississippi, under which this action could have been maintained there, are sections 2078 and 2079 of the Revised Code of Mississippi, as follows : SECTION 2078. 'Executors, administrators and collectors shall have full power and authority to commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecutad; and they shall also be liable to be sued in any court, in any personal action which might have been maintained against the deceased.' SECTION 2079. 'Executors and administrators shall have an action for any trespass done to the person or property, real or personal, of their testator or intestate, against the trespasser, and recover reasonable damages, in like manner as their testator or intestate would have had if living; and the money so recovered shall be assets, and accounted for as such.' And plaintiff avers that, if his intestate had not died from the injuries received, for which this action is brought, he could have maintained an action against defendant, and recovered damages therefor."

A second amendment was added to each count, as follows : "Plaintiff avers that his intestate, at the time he was killed, was not a · fellow-servant of the conductor of the train, through whose negligence he was killed ; that said intestate was at the time the engineer of the train, and in the performance of his duty as such, and one Guerin was the conductor thereof, and said intestate was subject to his orders, and was obeying said orders at the time of his death, and said obedience of said orders caused his death ; and that under the circumstances causing his death, if death had not resulted, his intestate could have sued and recovered damages commensurate with the injury, in the courts of either Alabama or Mississippi; and death having resulted therefrom, plaintiff is entitled to recover therefor, and would be entitled to recover in the courts of Mississippi."

The court sustained a demurrer to the complaint as amended, and this ruling is assigned as error.

[Kahl v. Memphis & Charleston Railroad Co.]

J. B. MOORE, for appellant.—(1.) The complaint shows a good cause of action under the Alabama statute. It shows that the intestate's contract, in the performance of which he was killed, was made with the defendant, a domestic corporation, in this State; and that the defendant was operating, under several · charters substantially the same, a continuous line of railroad between Stevenson, Alabama, and Memphis, Tennessee. The boundary line of the State is not the limit of jurisdiction in such case.—*Ala. G. S. Railroad Co. v. Thomas*, 89 Ala. 294. (2.) The statutes of Mississippi, under the amended complaint, authorize the action. (3.) At common law, which is presumed to be of force in Mississippi, if the statute does not apply, an action lies against the employer for injuries received by an employe from the negligence of another person in the service, unless they were fellow-servants; and an engineer is not a fellow-servant of the conductor, whose orders he is bound to obey.—*Railroad Co. v. Ross*, 112 U. S. 377; 17 Wallace, 553; 11 Wisc. 238; 28 Md. 28; Railway Accident Law, 369; 110 Mass. 240; Wood's Master & Servant, § 425; *Railroad Co. v. Phillips*, 64 Miss. 693; *Railway Co. v. Bradford*, 86 Ala. 579.

HUMES & SHEFFEY, *contra*, cited *Willis v. N. P. Railway Co.*, 48 Amer. Rep. 401; *McCarthy v. Railroad Co.*, 26 Amer. Rep. 742; *Davis v. N. Y. & N. E. Railroad Co.*, 58 Amer. Rep. 138; 61 Texas, 432; *Athil v. Huntington*, 14 Amer. St. 523; *Woodward v. Railroad Co.*, 10 Ohio St. 121; 2 Rorer on Railroads, 1149-51, and cases; 136 U. S. 356; *M. & C. Railroad Co. v. Alabama*, 107 U. S. 581.

COLEMAN, J.—The averments of the complaint show that plaintiff's intestate, while acting in the discharge of his duties as an employé of the defendant railroad corporation, was killed in a collision of trains caused by the negligence of the employer. The collision occurred in the State of Mississippi, and the present action to recover damages for the death of the intestate was instituted in the State of Alabama. The court below sustained a demurrer to the amended complaint, and plaintiff declining to further amend, his action was dismissed.

We are of opinion that the amendment added to each count of the complaints clearly avers three separate, distinct and independent constituents of the defendant's corporate character, one created by the State of Mississippi, one by the State of Alabama, one by the State of Tennes-

see, and neither dependent upon the other for existence or
authority. The averment that it was "a unit as a corpora-
tion," is a mere conclusion of the pleader. Though incor-
porated by the same corporate name, owned by the same
stockholders, invested with like franchises, and operated
under the same management, so that practically it is a
single corporation, legally speaking the corporation is com-
posed of three separate, independent legal entities, each
depending for its existence upon the separate and inde-
pendent acts of incorporation by the several States through
which it passes. If the State of Mississippi should revoke
and annul the charter granted by that State, the Memphis
& Charleston Railroad Company, as a corporation, would
still exist in Alabama and Tennessee, but there would be no
such corporation in the State of Mississippi. Neither of
the three States can give or take away the legal existence
of a corporation beyond its territorial boundary. Within
the boundary of Alabama, it is a domestic corporation,
beyond that it is a foreign corporation.

These general principles find support in many adjudica-
tions.— *Grangers' Life & Health Ins. Co. v. Kamper*, 83 Ala.
225; *Memphis R. R. Co. v. Alabama*, 107 U. S. 581; *Paul v.
Virginia*, 8 Wall. 168, 181; *Runhan v. Coster*, 24 Pet. 122;
*St. Clair v. Cox*, 106 U. S. 350; *Nashua R. R. Co. v. Lowell
R. R. Co.*, 136 U. S. 356.

It would seem to follow that the tort complained of in
the present case was committed by a foreign corporation,
and beyond the jurisdiction of the State of Alabama. In
Rorer on Railroads, vol. 2, p. 1149, par. 3, it is said: "The
right given by statute to the recovery of damages for inju-
ries caused by the wrongful act or negligence of a railroad
company, its employes and servants, is local in the courts of
the country or State wherein the right is given by the statute
and the injury is incurred." A great many authorities are
cited by the author to support the text. See, also, *Central
R. R. & Co. v. Carr*, 76 Ala. 393.

The demurrer was well taken for another reason. We
think it may be stated as an established proposition, that if
the tort complained of was not actionable in the State where
it occurred, it will not sustain an action in this State. The
present action is purely statutory. At common law, where
death resulted from the culpable negligence of a co-employe,
under such circumstances as averred in the complaint, no
action could be maintained against the master.— *Ga. Pac. R.
R. Co. v. Davis*, 92 Ala. 312; *Stewart v. L. & N. R. R. Co.*,
83 Ala. 493; *L. & N. R. R. Co. v. Orr*, 91 Ala. 552. If there

[Chancellor v. Donnell.]

exists any statute in the State of Mississippi giving an action to the administrator of a deceased employe against the master to recover damages for the death of his intestate, caused by the negligence of a co-employe, or any statute substantially similar to what is known as the "Employer's Act" in this State, such statute ought to have been set out in the complaint. Sections 2078–2079 of the Revised Code of Mississippi, copied in the complaint, do not cover a case like the present. In the absence of such an averment, we must presume the common law was in force in that State; and at common law the present action could not be maintained.

In either view, the demurrer was well taken and properly sustained.

Affirmed.