C. Rush McINNIS, et al.

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al.**

No. 3-87-0062.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 20, 1989.

J. Vernon Patrick, Jr., Patrick & Lacy, P.C., Birmingham, Ala., and Ames Davis, Nashville, Tenn., for plaintiffs.

Mary Aronov, Leo Bearman, Jr., Roy Keathley, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, Tenn., for Sandestin Beach Hotel and Frank L. Flautt, Jr.

N. Lee Cooper, A. Inge Selden, III, James L. Priester, Maynard, Cooper, Frierson & Gale, P.C., Birmingham, Ala., David C. Andrew, L.H. Armistead, Baker, Worthington, Crossley, Stansberry & Woolf, Nashville, Tenn., for Merrill Lynch.

Patricia A. McGee, Michael L. Edwards, Balch & Bingham, Birmingham, Ala., and Ellen Hobbs Lyle, Trabus Sturdivant Dewitt, Nader Baydoun, Harris & Baydoun, Nashville, Tenn., for Laventhol & Horwath.

## MEMORANDUM

HIGGINS, District Judge.

This is a class action for fraud in the sale of securities. Plaintiffs are purchasers of interests in a resort condominium development in Destin, Florida. They filed their original complaint in the Northern District of Alabama on October 31, 1986. Pursuant to an order of the Honorable Seybourn Lynne, Senior Judge for the Northern District of Alabama, the case was transferred to this Court on January 26, 1987.[1]

On December 18, 1987, a pretrial motion to dismiss was filed by defendant Laventhol and Horwath (Laventhol) in the Northern District of Alabama, and on March 6, 1987 a motion to dismiss (Docket Entry No. 6) was filed in the Middle District of Tennessee by Merrill Lynch, Pierce, Fenner & Smith (Merrill Lynch).[2] By an order on March 12, 1987, this Court referred both motions to the Honorable Kent Sandidge, U.S. Magistrate. The Magistrate heard oral argument on the motions on March 3, 1988, and filed his Report and Recommendation on July 15, 1988. The Report, and the objections of the parties thereto, are now before this Court.

The complaint charges defendant Merrill Lynch with fraud in the sale of securities in violation of § 10 of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j) and SEC Rule 10b–5 promulgated thereunder; fraudulent misrepresentation and deceit under Alabama state law (Ala.Code § 6–5–104); and violations of the Florida Securities Act (Fla.Stat. § 517.301). Defendant Laventhol, an accounting firm, is charged with fraud under SEC Rule 10b–5 for its role in preparing the Private Placement Memorandum (PPM) distributed to potential buyers of the Sandestin resort.[3]

This Court has jurisdiction over the SEC Rule 10b–5 claims by virtue of 28 U.S.C. § 1331, 15 U.S.C. §§ 77v and 78aa; and 18

---

1. This is a companion case to *Nichols v. Merrill Lynch, Pierce, Fenner & Smith,* 706 F.Supp. 1309 also the subject of a ruling today on pretrial motions. Since the present case is a class action, it could not be consolidated with *Nichols* for all purposes. Nonetheless, there is considerable overlap between the two cases as to parties and issues. To avoid unnecessary repetition, and in an attempt to keep the burgeoning record in these cases as simple as possible, this Court will make frequent references to its memorandum in *Nichols.*

2. These parties, along with their co-defendants, Sandestin Beach Hotel, Inc. and Frank Flautt, Jr., are identified in greater detail in the *Nichols* memorandum.

3. The Magistrate was understandably irritated that the PPM was not officially made part of the record before him, though he had actual knowledge of its contents from the *Nichols* case. Any procedural problems concerning this were fortunately dissipated when defendant Laventhol filed a copy of the PPM with this Court on August 15, 1988.

**1357**

U.S.C. § 1964. The state-law claims are within the Court's pendent jurisdiction.

### I. MOTION OF DEFENDANT MERRILL LYNCH TO DISMISS

Merrill Lynch objects to the Magistrate's Report and urges the Court to dismiss the plaintiffs' action for three reasons: (1) the complaint fails to plead fraud with "particularity" as required by Rule 9(b), Fed.R. Civ.P.; (2) that the claims under SEC Rule 10b–5 are time-barred by the statute of limitations in Tenn.Code Ann. § 48–2–122(h), which according to the defense's theory is the applicable statute; [4] and that so much of the complaint as is based on the Florida Securities Act should be dismissed, since Florida law does not apply.

■ This Court, having considered the Magistrate's Report and the objections thereto, agrees with the Magistrate that the allegations in the complaint are sufficiently specific to meet the requirements of modern notice pleading.

As the Magistrate points out, it is well settled that when a case is transferred from a district court in one state to another such court in a different state (the transfer being not for reasons of jurisdiction or venue but purely for the convenience of the parties), the laws of the transferor forum still apply, and the transferee court must borrow the statute of limitations of the state in which the transferor court sits. "A change of venue ... generally should be, with respect to state law, but a change

of courtrooms." *Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 821, 11 L.Ed.2d 945 (1964).

■ Since this action was filed in Alabama, the statute of limitations must be taken from the laws of that state. However, Alabama's federal courts, in accordance with the current rule of the Eleventh Circuit, hold that the proper limitations period in an SEC Rule 10b–5 action is *not* the one-year period contained in the fraud statute (as the defendants would have it) but the two-year period of the Alabama blue-sky laws. (Ala.Code § 8–6–19(e)). *Hunt v. American Bank & Trust Co. of Baton Rouge,* 606 F.Supp. 1348, 1353 (N.D.Ala. 1985).[5] Regardless of which of the two Alabama statutes of limitations applies, the question whether this suit is time-barred depends on when the statute began to run as to these plaintiffs. The parties have different theories as to that, and it is a question that requires attention to various details of fact covering the dates of various transactions and the actual or constructive knowledge of the parties. As a rule, it is inappropriate to dispose of disputed factual questions on a motion to dismiss, and in the present case, this Court is satisfied that it cannot do so from the pleadings and ancillary materials, voluminous though they have become. Therefore, the motion to dismiss on this ground will be denied.

■ Count IV of the complaint charges a violation of the Florida Securities Act. In citing two federal SEC Rule 10b–5 cases to the effect that in securities fraud the cause *normally* accrues where the victim resides,

---

**4.** The plaintiffs' position is that the statute of limitations should be borrowed from Alabama law.

**5.** An older line of Alabama federal cases had applied to the shorter statute of limitations. *Upton v. Trinidad Petroleum Corp.,* 468 F.Supp. 330 (N.D.Ala.1979); *First Federal Savings & Loan Ass'n. of Miami v. Mortgage Corp. of the South,* 467 F.Supp. 943 (N.D.Ala.1979). While Alabama was still under the Fifth Circuit, this rule received appellate sanction. *White v. Sanders,* 650 F.2d 627 (5th Cir.1981). But when the old Fifth Circuit was divided, Alabama was placed in the new Eleventh Circuit, which soon adopted the contrary rule. *Diamond v. Lamotte,* 709 F.2d 1419, 1424 (11th Cir.1983). As

the *Hunt* decision indicates, *Diamond* and its progeny have, in effect, made dead letters out of the earlier Alabama cases.

The Court's attention has been directed to the recent decision of the Third Circuit in *In re Data Access Systems Securities Litigation,* 843 F.2d 1537, 1545 (3d Cir.1988), in which that court rejected state statutes of limitation and held that the appropriate limitations period for "borrowing should be that of § 13 of the 1934 Act." Whatever the merits of this position, it is opening in the wrong theater. This Court is powerless to adopt the *Data Access* doctrine so long as both the Sixth and Eleventh Circuit adhere to the contrary view.

defendants attempt to convert their holdings into an ironclad rule that only residents of a given state may sue under a blue-sky law.[6] The inherent implausibility of that position, together with the failure to cite any Florida authority for it, leads the Court to join the Magistrate in rejecting it.

■ *Lintz v. Carey Manor, Ltd.,* 613 F.Supp. 543 (W.D.Va.1985), relied upon by the Magistrate, is correct in holding that a non-resident may sue under a state blue-sky law, but is on shakier ground in arguing that where more than one state has a "nexus" to the securities transaction, the forum court may apply the laws of more than one state. As pointed out by the defendants, the *Lintz* court has been criticized for misreading the commentator upon whom it relied. *Simms Investment Co. v. E.F. Hutton & Co., Inc.,* 688 F.Supp. 193 (M.D.N.C.1988). The *Simms* court is correct in finding that in such cases there is a conflict-of-law problem. The general rule, of course, is that a federal court must apply the choice-of-law rules of the state where it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). However, in the present case, this precept is modified by the rule discussed above that a transferee court must apply the laws of the state in which the transferor court is situated. In a nutshell, that means that Alabama's choice-of-law rules control this action.

■ The parties did not brief the issue of conflict-of-laws using Alabama authorities. The Court could discover no Alabama case addressing choice-of-law problems in a securities context. Since the gravamen of the complaint is fraud, the Court therefore turns to Alabama's rule concerning choice-of-law in tort actions. Alabama follows the traditional *lex loci* rule—that is, the tort is committed where the damages are sustained. *E.g., Norris v. Taylor,* 460 So.2d 151 (Ala.1984); *Bodnar v. Piper Aircraft*

*Corp.,* 392 So.2d 1161 (1981); *Alabama Great Southern RR Co. v. Carroll,* 97 Ala. 126, 11 So. 803 (1892).

Where the "damages" occurred will normally be a question of fact. Although the plaintiffs' residence will usually be a strong candidate for that position, it may not always be so, particularly in a case like the present one, where the contacts of the transaction with Florida are (to say the least) ample. The Court cannot say, at the pretrial stage, that none of the plaintiffs were damaged in Florida. Therefore, the motion to dismiss the Florida Securities Act claims is denied.

## II. MOTION OF DEFENDANT LAVENTHOL & HORWATH TO DISMISS

■ Laventhol is an accounting firm that prepared a marketing and feasibility study of the Sandestin resort, the results of which were incorporated in the PPM.

The motion to dismiss raises the question of when a defendant can be liable for forecasts or predictions that turn out to be wrong. Paragraph 55 of the complaint alleges that

> As of the date of the confidential private placement memorandum, Laventhol & Horwath knew, or should have known, that the consumer price index inflation rate for 1982 was only 6.1 percent, and accordingly that it was wholly unreasonable and reckless to project rental income from the Sandestin Beach Hilton based on the assumption that there would be 12 percent inflation in 1983, 10 percent inflation in 1984 and 9 percent inflation each year thereafter.

Paragraph 56 of the Complaint recites: The actual rate of inflation and consumer price index for 1983 was 3.2 percent, for 1984 was 4.3 percent and for 1985 was 3.6 percent.

As noted in the Court's memorandum in *Nichols* (q.v.), the PPM contained a dis-

---

6. Plaintiffs, for their part, point to a choice-of-law provision in the sales contract, indicating that Florida law will control as to the rights of the parties. That provision would be helpful in

discussing claims based on breach of contract, but not in claims based on the separate blue-sky statute or sounding in tort.

claimer plainly informing the reader that forecasts of future interest rates were inherently uncertain and speculative, and that rental income could vary significantly from that projected if the inflation rates in succeeding years were lower or higher than expected (as in fact happened). The Magistrate, relying on *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986), concluded that there can be no SEC Rule 10b–5 liability for forecasts or projections that "bespeak caution," as this one obviously did.

Plaintiffs protest that under circumstances like those in the Sandestin affair, liability for a misleading forecast cannot be so disclaimed. They rely chiefly on the case of *Marx v. Computer Sciences Corp.*, 507 F.2d 485 (9th Cir.1974) in which the court stated:

> Under the securities law a reasoned and justified statement of opinion, one with a sound factual or historical basis, is not actionable. Here, however, considering the gross disparity between prediction and fact, and also considering Newbern's other misrepresentations and failure to disclose, which were relevant to the accuracy of his prediction, we have no difficulty in finding this "prediction" to be actionable.

507 F.2d at 489, *quoting G & M, Inc. v. Newbern*, 488 F.2d 742, 745–46 (9th Cir. 1973).

■ The Court believes that the plaintiffs have read too much into *Marx*. The *Marx/Newbern* defendants were pilloried for misrepresentations and nondisclosures, the strong implication being that they *knew* of facts inconsistent with the result they were predicting: Scienter is a necessary element of any SEC Rule 10b–5 action based on a misleading prediction. *E.g., Connellan v. Himelhoch*, 506 F.Supp. 1290, 1298–99 (E.D.Mich.1981). The true sense of the Ninth Circuit doctrine seems to be embodied in the following passage from an important post-*Marx* case:

> [A]n accountant may be held liable for direct violation of the rule [i.e., 10b–5] if its participation in the misrepresentation is direct, and if it *knows* or is *reckless in not knowing* that the facts reported in the prospectus [are materially misleading]. (emphasis added)

*S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1312 (9th Cir.1982) *cert. denied sub nom. Smith v. Harmsen*, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).

In the present case, the face of the complaint does not allege sufficient facts to state a claim. All that is charged is that Laventhol knew that the inflation rate in 1982 was 6.1 percent. It is then roundly asserted that Laventhol therefore knew, or should have known, that the projected future inflation rates were too high.

This simply will not do. The fact that inflation rates were relatively low in 1982 tells us exactly nothing about the likelihood of their *remaining* so. That depends upon other factors which should have been enumerated in the complaint but were not. To state a claim, the plaintiffs must allege that Laventhol knew of certain facts that could not be reconciled with its prediction that inflation rates would rise sharply beginning in 1983. The complaint simply contains no such allegations. It has been well said that "20–20 hindsight in securities cases is equivalent to Monday morning quarterbacking—enjoyable but nonproductive." *In re Apple Computer Securities Litigation*, 672 F.Supp. 1552, 1564 (N.D. Cal.1987).

■ For the reasons discussed in *Nichols*, however, the Court believes that the complaint should not be dismissed until the plaintiffs have had a chance to amend it. Therefore, as the Magistrate recommended, the Court reserves its ruling on the motion to dismiss, pending the completion of ninety days of additional discovery and the filing of an amended complaint.

An appropriate order will be entered.

### ORDER

In accordance with the memorandum contemporaneously filed, the Court approves the conclusion of the Magistrate's Report and Recommendation (filed July 15, 1988; Docket Entry No. 133) that the motion to dismiss filed on March 6, 1987 (Docket Entry No. 6) by the defendant Mer-

rill Lynch be denied. Accordingly, Merrill Lynch's motion to dismiss is denied.

With respect to the motion to dismiss filed in the Northern District of Alabama on December 18, 1986, by defendant Laventhol & Horwath, the Magistrate's Report is adopted and approved. Accordingly, a ruling on Laventhol & Horwath's motion to dismiss is reserved, pending ninety (90) days of discovery and the filing of an amended complaint.

It is so ORDERED.

## REPORT AND RECOMMENDATION

KENT SANDIDGE, III, United States Magistrate.

This is a class action originally filed in the United States District Court for the Northern District of Alabama, but subsequently transferred to this District by Order of January 21, 1987. Plaintiffs represent a class of investors who purchased interests in the Sandestin Beach Hilton Hotel in Sandestin, Florida. Plaintiffs claim violations of the securities laws in connection with the sale of the hotel interests. Attached to the securities claims are state law claims for fraud, negligence, breach of contract, and breach of fiduciary duty.

By Order entered March 12, 1987, the Court referred two motions to the undersigned for review: 1) motion of defendant Laventhol & Horwath to dismiss; and 2) motion of defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. to dismiss. Oral argument was held on the motions on March 3, 1988. Upon due consideration, the undersigned recommends the following disposition with respect to each of the motions.

## MOTION OF DEFENDANT LAVENTHOL & HORWATH TO DISMISS

Defendant Laventhol & Horwath ("Laventhol") is a national accounting firm which prepared a marketing and feasibility study of the Sandestin Beach Hilton Hotel project. The results of the Laventhol study appear in the Private Placement Memorandum ("PPM") which form the basis of the securities offering made the subject of this lawsuit.

Plaintiffs claim that defendant Laventhol made false representations with respect to projected interest rates, and therefore, are liable to plaintiffs under Section 10(b) of the Securities and Exchange Act of 1934, and Rule 10b–5 of the Securities and Exchange Commission. Plaintiffs also claim that defendant made false representations with respect to the construction of a building adjacent to the Hotel. Defendant Laventhol moves to dismiss these claims for failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

Paragraph 55 of the Complaint recites: As of the date of the confidential private placement memorandum, Laventhol & Horwath knew, or should have known, that the consumer price index inflation rate for 1982 was only 6.1 percent, and accordingly that it was wholly unreasonable and reckless to project rental income from the Sandestin Beach Hilton based on the assumption that there would be 12 percent inflation in 1983, 10 percent inflation in 1984 and 9 percent inflation each year thereafter.

Paragraph 56 of the Complaint recites: The actual rate of inflation and consumer price index for 1983 was 3.2 percent, for 1984 was 4.3 percent and for 1985 was 3.6 percent.

The Second Circuit has held that financial projections in an offering memorandum which clearly "bespeak caution," do not form the basis of a securities fraud claim under Section 10(b) and Rule 10b–5. *Luce v. Edelstein,* 802 F.2d 49, 56 (2d Cir.1986). Thus, when the offering memorandum states that no assurance can be given that stated projections will be realized, no claim exists under Section 10(b) and Rule 10b–5. *Id.*

The undersigned has had reason to review the PPM made the subject of this action,[1] and believes that the representa-

---

1. A copy of the PPM was attached to the Complaint in this action's companion suit, *Nichols v.*

*Merrill Lynch,* 706 F.Supp. 1309. In reviewing the motion of Laventhol & Horwath to dismiss

tions of Laventhol which appear in the PPM "bespeak caution." Therefore, no claim exists as to Laventhol under Section 10(b) or Rule 10b–5. However, the PPM was not attached to the Complaint in this action, nor was it attached to the motion to dismiss. As the PPM is not presently a part of the record, its contents cannot properly be considered at this time.

Based on these facts, I recommend that the Court reserve ruling on this aspect of the motion until such time that Laventhol supplements the record with the PPM, including the Laventhol report. At such time that the PPM is filed, I recommend that the Court dismiss the claims filed pursuant to Section 10(b) and Rule 10b–5. Projections which "bespeak caution" simply do not state a claim under Section 10(b) and Rule 10b–5.

Plaintiffs' claims against Laventhol also extend to misrepresentations concerning the construction of a building adjacent to the hotel. To the extent that these claims are asserted against Laventhol, they are not pleaded with the specificity required by Rule 9(b). The complaint is void of any factual allegations supporting a conclusion that Laventhol knew anything about the intention of the other defendants, if any, in constructing the building. Further, there is no factual allegation that Laventhol failed to disclose whatever it may have known.

Dismissal under Rule 9(b) would, however, be an abuse of discretion without affording plaintiffs the opportunity to cure the pleadings. *See Luce,* 802 F.2d at 56–57. Further, it is likely that the facts underlying the construction of the building claims are within defendant's peculiar knowledge. I therefore recommend that the Court reserve ruling on defendant's motion pending an opportunity for plaintiffs to conduct discovery for ninety (90) days and to file an amended complaint shortly thereafter. *See Michaels Building Co. v. Ameritrust Co., N.A.,* 848 F.2d 674 (6th Cir.,1988). The state law claims which defendant moves to dismiss may be con-

sidered at that time, should plaintiffs adequately plead the securities claims which form the basis of this Court's jurisdiction.

### Recommendation

Based on the foregoing analysis, I respectfully recommend that the Court reserve ruling on defendant's motion to dismiss, pending the supplementation of the record, ninety (90) days of discovery, and the filing of an amended complaint.

### MOTION OF DEFENDANT MERRILL LYNCH TO DISMISS

In February 1983, Merrill Lynch entered into a sales agency agreement with Sandestin Beach Hotel, Inc., a Florida corporation ("SBH") to sell, as exclusive sales agent, hotel condominium interests in the Sandestin Beach Hilton Hotel. Each condominium hotel interest was sold on the basis of sale documents which included a PPM, a unit sales agreement, a confidential financial questionnaire, and a sales brochure. On October 31, 1986, plaintiffs filed this action alleging the following three causes of action against Merrill Lynch: 1) securities fraud under Section 10 of the Securities and Exchange Act of 1934, and SEC Rule 10b–5; 2) fraudulent misrepresentation and fraudulent deceit as defined by Section 6–5–104 of the Alabama Code; and 3) a violation of the Florida Securities Act.

Defendant Merrill Lynch moves to dismiss on three grounds: 1) that the Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure; 2) that the applicable statute of limitations in this action is governed by Tennessee law; and 3) that Count IV of plaintiff's Complaint should be dismissed because Florida law is inapplicable.

### I. Rule 9(b) Particularity

Rule 9(b) of the Federal Rules of Civil Procedure requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." A properly pled allegation of fraud must identify "the time,

in *Nichols,* therefore, the undersigned was able to review the Complaint in light of the actual language and representations made in the PPM. Both suits rely on the same PPM.

place and content of the alleged misrepresentations upon which [the plaintiff] relied." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir.1984). A complaint which fails to supply the specificity required by Rule 9(b) is subject to dismissal. *Kellman v. ICS, Inc.*, 447 F.2d 1305 (6th Cir.1971).

Rule 9(b) must be "harmonized and reconciled" with Rule 8 of the Federal Rules of Civil Procedure which requires a pleading to contain a short and plain statement of the claims asserted. *Michaels Building Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir.,1988). Nevertheless, conclusory allegations of fraud are insufficient. *In Re AM International Inc. Securities Litigation*, 597 F.Supp. 1117 (S.D.N.Y.1984).

Plaintiffs' Complaint meets the requirements of Rule 9(b). Plaintiffs make reference to the PPM throughout the Complaint, and detail with particularity what material facts were omitted, and what false representations were made. The Second Circuit has held that reference to the offering memorandum satisfies Rule 9(b)'s requirements as to identification of the time, place and content of the alleged misrepresentations. *Luce v. Edelstein*, 802 F.2d 49, 55 (2d Cir.1986). As plaintiffs have here referenced the PPM, and detailed with particularity what statements are allegedly misleading and/or false, they have satisfied the requirements of Rule 9(b).

## II. Applicable Statute of Limitations

Defendant Merrill Lynch, in its Addendum, argues that plaintiffs' claims under Section 10(b) of the Securities Act should be governed by the statute of limitations contained in T.C.A. § 48–2–122(h), and that under this statute, plaintiffs' claims are subject to dismissal because they were not timely filed. Plaintiffs argue that Alabama, not Tennessee, supplies the applicable statute of limitations.

The Supreme Court has held that "since no statute of limitations is provided for civil actions under Section 10(b), the law of limitations of the forum state is followed as in other cases of judicially implied remedies." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 210, n. 29, 96 S.Ct. 1375, 1389, n. 29, 47 L.Ed.2d 668 (1976); *Accord Nickels v. Koehler Management Corp.*, 541 F.2d 611, 613 (6th Cir.1976), *cert. denied*, 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1977); *Haney v. Dean Witter Reynolds, Inc.*, Dock. No. CIV 1–85–531 (E.D.Tenn. Aug. 20, 1986) [1986 WL 21340] ("in the absence of a federal limitations statute, a court must look to the statutes of the forum state and apply that statute which best effectuates the purpose of the federal securities laws").

Tennessee is now the forum state of this litigation. However, this case was not originally filed in this District, but rather was filed in the Northern District of Alabama. It is settled law that when a case is transferred from a court in one state to a court in another for the convenience of the parties, the laws of the original forum govern, and the transferee court adopts the statute of limitations from the state in which the transferer court sits. *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945, 962–963 (1964). Because this case was originally filed in Alabama, this Court must apply the Alabama statute of limitations. Defendant has not demonstrated to the Court that application of the Alabama statute renders this action time-barred. I therefore recommend that defendant's motion be denied with respect to this claim.[2]

### III. Applicability of Florida Securities Laws

Count IV of the Complaint alleges that the sale of hotel interests constitutes an

---

**2.** The parties have not had the opportunity to argue, so I have not considered, the Third Circuit's recent decision, *In Re Data Access Systems Securities Litigation*, 843 F.2d 1537 (3d Cir.,1988). In that case, the Third Circuit determined that, rather than borrowing a limitations period from state law for complaints asserting violations of Section 10 and Rule 10b–5, the uniform period found in the companion provisions of the 1934 statute, which is one year after discovery of facts constituting the violation and in no event more than three years after such violation, is the appropriate limitations period. The decision is sound and persuasive. However, due to the possible retroactivity concerns if applied to this litigation, I decline to consider the decision without briefs from counsel.

offering and sale of securities under Florida law. Defendant argues that Count IV should be dismissed because the application of the Florida Securities Act is appropriate only for residents of Florida who purchased the subject securities.

In support of its motion, defendant cites two cases for the proposition that a cause of action for fraud under Section 10(b) of the Securities and Exchange Act of 1934 arises where its economic impact is felt, normally the plaintiff's residence. *Arneil v. Ramsey*, 550 F.2d 774 (2d Cir.1976); *Sack v. Low*, 478 F.2d 360, 366 (2d Cir. 1973). Defendant since has cited some additional cases which concern the applicable statute of limitations in Rule 10b–5 actions.

These cases, standing alone, do not convince the undersigned that the Florida Securities Act applies only to residents of Florida. To begin with, these cases were brought under SEC Rule 10b–5, and do not discuss the applicability of state blue sky laws when more than one state's statutory scheme applies. Residency alone is not dispositive of the issue at bar. *Lintz v. Carey Manor, Ltd.*, 613 F.Supp. 543 (D.Va. 1985). When more than one state has a nexus to the transaction, more than one state's securities laws may apply. *Id.*, at 551.

Here, Florida is the location of the Sandestin Beach Hotel, is the state of incorporation of SBH, and is where the deeds were issued and recorded. In addition, the proceeds of sales were escrowed in Florida subject to acceptance of the sales contracts in Florida. These contacts appear to be sufficient to give Florida an interest in applying its securities laws to the instant transaction.

I therefore recommend that defendant's motion to dismiss Count IV of the Complaint be denied.[3]

### Recommendation

Based on the foregoing analysis, the undersigned respectfully recommends that defendant's motion to dismiss be denied in its entirety.

---

3. This recommendation is made with some hesitation. The undersigned believes the Court will

### RECOMMENDATION

I respectfully recommend that a ruling on the motion of defendant Laventhol and Horwath to dismiss be reserved pending supplementation of the record, ninety (90) days of discovery, and the filing of an amended complaint.

I respectfully recommend that the motion of defendant Merrill Lynch to dismiss be denied in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this report, or the proposed findings or recommendation to which objection is made. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

---

be greatly benefitted by more thorough briefing on the part of defendant's counsel.