**Debra F. HARRIS, as Administratrix of the ESTATE OF Isaac HARRIS, Plaintiff,**

v.

**FREIGHTLINER CORPORATION, et al., Defendants.**

No. 1:03–CV–716–F.

United States District Court, M.D. Alabama, Southern Division.

Nov. 18, 2004.

Blaine Celone Stevens, Ozark, AL, Jon Christopher Capps, Robert Aaron Gartlan, Dothan, AL, James Clayton Davie, Jr., Thomas Means Gillis & Seay PC, Birmingham, AL, Tyrone Carlton Means, Thomas Means Gillis & Seay PC, Montgomery, AL, for Debra F. Harris.

Rebecca Denean Henry–McCorkel, Meredith, Mtchell & Gabrielson, PC, Dothan, AL, for Katie Harris.

Jon Christopher Capps, Robert Aaron Gartlan, Dothan, AL, James Clayton Davie, Jr., Thomas Means Gillis & Seay PC, Birmingham, AL, Tyrone Carlton Means, Thomas Means Gillis & Seay PC, Montgomery, AL, for Sabrina Harris, Beverly Harris, Jaundra Harris, Jason Harris.

Banks Thomas Smith, Hall Smith Prim & Freeman, Dothan, AL, R. Bruce Hall, Hall Smith & Jones, Dothan, AL, for Patricia Walker.

Eugene D. Martenson, John Dearman Herndon, Huie Fernambucq Stewart LLP, Birmingham, AL, for Freightliner Corp.

James H. Pike, Cobb Shealy Crum & Derrick PA, Dothan, AL, for Ryder Truck Rental Co.

## MEMORANDUM OPINION AND ORDER

FULLER, Chief Judge.

This cause is before the Court on the Motion to Add Party Plaintiffs filed by Defendant Freightliner LLC (Doc. # 55) and in which Defendant Ryder Truck Rental, Inc. joins (Doc. # 57).

This case arises out of a January 15, 2003 vehicular accident in Georgia, which took the life of Isaac Harris. At the time of his death, Isaac Harris had at least five children including Debra F. Harris, who was named Administratrix of his estate. Upon his death, three different women emerged claiming to be Isaac Harris' surviving common law spouse. One of the women claiming to be Isaac Harris' surviving spouse, Katie Harris, has persisted in her claim. Although a state court judge handling a worker's compensation action has ruled against Katie Harris, by decreeing that Isaac Harris had no surviving spouse, she has appealed that ruling to the Alabama Court of Civil Appeals.

Acting as Administratrix for the estate of her deceased father, Debra F. Harris filed this lawsuit in the Circuit Court of Houston County, Alabama in June of 2003. Defendants removed the action to this Court which has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332. In October of 2003, this Court entered a scheduling order for the case which set deadlines for discovery, dispositive motions, and expert reports. The scheduling order set a December 2004 trial date for the case.

In July of 2004, Defendants timely filed motions for summary judgment. In response, Plaintiff sought to dismiss this action. As it turns out, Plaintiff had failed to conduct the discovery she needed to oppose Defendants' dispositive motions and had failed to identify experts in a timely fashion which would likely have made it impossible for Plaintiff to oppose Defendants' dispositive motions. Claiming they would be prejudiced, Defendants opposed Plaintiff's bid to have this case dismissed. Plaintiff also asked the Court to extend the time for her response to Defendants' motions for summary judgment and to identify experts.

The Court required all counsel of record to attend a September 8, 2004 status conference to discuss the case and the pending motions. Plaintiff's counsel blamed their failure to timely identify experts and complete discovery necessary to oppose the Defendants' summary judgment motions on their inexperience with federal court practice and on the difficulty in spending money on developing the case due to the underlying controversy about who is the proper party to bring the action. Plaintiff's counsel complained that until it is clear whether or not Isaac Harris had a surviving spouse, it is not clear if their client, Debra Harris, the proper party to bring this action. The Court made it clear to Plaintiff's counsel that in such circumstances it would have been better for them to seek a stay of the case pending resolution of such issues rather than letting the time for identifying experts pass and failing to do any discovery.

This Court denied Plaintiff's motion to dismiss this action. Rather than punishing Debra Harris for the inexperience of her counsel, this Court entered a new scheduling order for the case which provided additional time for discovery and the identification of experts. Because the Court did not find that Plaintiff had satisfied the requirements of Federal Rule of Civil Procedure 56(f), the extension of the scheduling order was not based on that rule. Indeed, the Court denied the Defendants' motions for summary judgment without prejudice to their refiling such motions after discovery.

Despite receiving additional time to build her case from this Court and despite this Court's denial of her request to dismiss this action, Debra Harris and her siblings proceeded to file another lawsuit in state court in Georgia seeking damages for the death of Isaac Harris. The Georgia suit was filed on October 12, 2004. Obviously, Plaintiff's counsel had hatched her plan to proceed with this action prior to this date, however, because they had communicated to Defendants' counsel that such an action might be filed. Understandably concerned with the risk of duplicative litigation, multiple liability, and the danger of incurring inconsistent obligations, Defendants asked this Court to order that Isaac Harris' children and the woman claiming to be his surviving spouse be made plaintiffs to this action pursuant to Federal Rule of Civil Procedure 19.

## DISCUSSION

Due to the nature of the issues raised by the instant motions, the Court must first briefly address the choice of law problem inherent in this case. Given several important differences between the Alabama Wrongful Death Act and the Georgia Wrongful Death Act, such as the identity of the proper party plaintiff to bring the action, this choice of law question actually presents a true conflict of law. *Compare* Ga.Code Ann. §§ 51–3–2(a) (1998) & 51–4–5 (1998) (surviving spouse if any may commence action for wrongful death; if there is no surviving spouse, then the surviving children may commence action for wrongful death; if there are no surviving children and no surviving spouse then the

personal representative may bring suit and personal representative also may recover funeral, medical, and other necessary expenses resulting from the injury and death of the deceased person) *with* Ala.Code Ann. § 6–5–410(a) (1975) (personal representative may commence action for wrongful death). Defendants argue that Georgia law applies to this case because the accident which took Isaac Harris' life and created the harm for which this action seeks a remedy occurred in Georgia. Plaintiff brings claims under Alabama law and argues that it, rather than Georgia law, sets forth the rules regarding who the proper plaintiff for this action is. Thus, this Court must first decide which state's law applies: Alabama or Georgia.

■ In a diversity action, such as this one, Alabama's choice of law rules governs this Court's determination of the proper law to apply in the case. *See, e.g., Klaxon Co. v. Stentor Elec. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Morris v. SSE, Inc.,* 912 F.2d 1392, 1394 n. 1 (11th Cir.1990). For more than one hundred years, Alabama has steadfastly applied the traditional *"lex loci delicti"* choice of law rule to tort claims, including products liability claims and claims for wrongful death. *See, e.g., Fitts v. Minnesota Mining & Mfg. Co.,* 581 So.2d 819 (Ala.1991); *Bodnar v. Piper Aircraft Corp.,* 392 So.2d 1161 (Ala.1980); *Alabama Great S. R.R. v. Carroll,* 97 Ala. 126, 11 So. 803 (1892). Alabama has specifically rejected alternative approaches such as the one advanced by the Restatement of Conflicts of Laws Second. *See, e.g., Fitts,* 581 So.2d at 823; *Bodnar,* 392 So.2d at 1163. Accordingly this Court must apply the law of the place of the injury to this action. Consequently, because this lawsuit arises over the fatal injuries Isaac Harris suffered during a vehicular accident in Georgia, Georgia law, not Alabama law, determines the nature of the claims available to Plaintiff and the identity of the proper plaintiff to bring this action.

■ Pursuant to Georgia law, the proper party to bring the claims made in this action is Isaac Harris' surviving spouse, if one exists, or his surviving children, if he has any. *See, e.g.,* Ga.Code Ann. §§ 51–3–2(a) (1998) & 51–4–5 (1998). Only if Isaac Harris had neither a surviving spouse, nor surviving children would the proper party plaintiff be the personal representative of his estate. *Id.* As previously mentioned, the sole plaintiff currently named in this action is one of Isaac Harris' children, Debra Harris, as Administratrix of his estate. It would appear from the record before this Court that Isaac Harris was survived by several children and that they, not the personal representative of his estate, are the proper party plaintiffs to this action. Moreover, these children have brought suit in Georgia against these very defendants. Consequently, the danger to defendants of multiple litigation is not just likely, it is certain. Complicating matters further, Katie Harris persists in her efforts to have herself legally declared to be the surviving spouse of Isaac Harris. If she ultimately prevails, Georgia law would dictate that she, rather than Isaac Harris' children, would be the proper party plaintiff.

■ Federal Rule of Civil Procedure 19(a) provides that in such circumstances Isaac Harris' children and putative spouse must be made parties to this action. It provides in pertinent part that

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the ac-

tion and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. Fed.R.Civ.P. 19(a). As an initial matter, the Court finds that there is no dispute that Isaac Harris' children and Katie Harris, who are all Alabama residents, are subject to service of process. Moreover, adding the children and Katie Harris as plaintiffs to this action will not deprive this Court of jurisdiction over the subject matter of the action. Furthermore, the Court is satisfied that under the circumstances of this case, the remaining requirements of Federal Rule of Civil Procedure 19(a) are satisfied. *See, e.g., Hunt v. Pepsico, Inc.,* No. 03 C 7151, 2004 WL 1114592 (N.D.Ill. May 18, 2004) (holding that Federal Rule of Civil Procedure 19(a) required plaintiffs to amend their complaint to add additional plaintiffs and explaining that if the plaintiffs did not comply, the Court would order the absent parties joined as involuntary plaintiffs unless they relinquish their rights to sue the defendants for the matters at issue in the lawsuit). Specifically, the Court finds that, although not currently parties to this action, both Isaac Harris' surviving children and Katie Harris have by their actions clearly claimed an interest relating to the subject of this action. Additionally, the Court finds that both Isaac Harris' surviving children and Katie Harris are so situated that the disposition of the action in their absence may, as a practical matter, impair or impede their ability

to protect their interest. Moreover, the Court also finds that the absence of both Isaac Harris' surviving children and Katie Harris subjects Defendants to this action to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the interest claimed by both Isaac Harris' surviving children and Katie Harris.

For the foregoing reasons, it is hereby ORDERED as follows:

(1) The Motion to Add Party Plaintiffs filed by Defendant Freightliner LLC (Doc. # 55) and in which Defendant Ryder Truck Rental, Inc. joins (Doc. # 57) is due to be and hereby is GRANTED.

(2) The Court gives Plaintiff fourteen days to amend her complaint to name as plaintiffs Katie Harris and any child of Isaac Harris. If Plaintiff fails to do so, the Court will compel the joinder of Katie Harris and of any child of Isaac Harris as involuntary plaintiffs to this action. If, however, Katie Harris or any child of Isaac Harris should relinquish in writing their rights to sue Defendants for allegedly causing Isaac Harris' death, they will not need to be joined, because they will no longer have any interest in these proceedings.

DONE this the 18th day of November, 2004.